**Maryann HANNON, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner Social Security Administration, Defendant–Appellee.**

No. 04–2429–CV.

United States Court of Appeals, Second Circuit.

June 22, 2005.

Maryann Hannon, Miller Place, NY, for Appellant.

Varuni Nelson, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Kathleen A. Mahoney, Assistant United States Attorney, Karen T. Callahan, Special Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

PRESENT: WALKER, Chief Judge, HALL, and GIBSON,* Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant MaryAnn Hannon appeals from the March 29, 2004, judgment of the district court granting defendant-appellee's cross-motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), on Hannon's appeal, filed pursuant to 42 U.S.C. § 405(g), challenging the determination of the Commissioner of the Social Security Administration ("SSA") that Hannon is liable for overpayments of disability benefits she received between October 1993 and May 1996. In so ruling, the district court affirmed the administrative law judge's ("ALJ") decision, which denied Hannon a waiver of liability after concluding that she was not without fault in receiving the erroneous payments.

On appeal, Hannon argues that the ALJ erroneously found her at fault. She asserts that her circumstances warrant a waiver of recovery of the entire overpayment because she "faithfully followed" the instructions that were given to her while she was receiving benefits and the SSA was aware of her status. In reviewing a district court's decision in a social security case, we undertake our own "plenary review" of the administrative record to determine whether the ALJ's decision is supported by substantial evidence, meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Havas v. Bowen*, 804 F.2d 783, 785 (2d Cir.1986).

Section 404(b) of the Social Security Act allows for waiver of recovery of an overpayment of benefits in certain instances. Specifically, the regulations dictate that there will be no adjustment or recovery in any case where (1) an overpayment has been made to an individual who is without fault, and (2) when "adjustment or recovery would either defeat the purpose of the Act, or be against equity and good conscience." 20 C.F.R. § 404.506. In determining a party's "fault" in receiving and accepting an overpayment of benefits, the SSA considers whether the overpayment resulted from:

(a) An incorrect statement made by the individual that he knew or should have known to be incorrect; or

(b) Failure to furnish information that he knew or should have known to be material; or

(c) With respect to the overpaid individual only, acceptance of a payment that he either knew or could have been expected to know was incorrect.

20 C.F.R. § 404.507. We conclude, as did the district court, that there was substantial evidence to support the ALJ's determination. It is undisputed that Hannon received an overpayment of benefits. In addition, Hannon knew or should have

---

* The Honorable John R. Gibson, Senior Circuit Judge of the Court of Appeals for the Eighth Circuit, sitting by designation.

known that she was not entitled to the continuing disability benefits after she received the SSA's notice in October 1993 informing her that her disability benefits had terminated. As Hannon did not meet her burden of establishing that she was "without fault," she was properly denied a waiver of recovery. *See* 42 U.S.C. § 404(b); 20 C.F.R. §§ 404.506, 404.507.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.